Recently, in McMurrey v. State, 145 Tex. Cr.R. 439, 168 S.W.2d 858, 860, we said:

"By bills of exception numbers three and four appellant complains of the action of the trial court in permitting the injured party to exhibit the scars left on his body as a result of the wounds inflicted upon him by appellant. There is nothing in the bill to show that the scars had an ugly, ghastly or revolting appearance such as was calculated to inflame the minds of the jury to the prejudice of appellant. In the absence of such a showing no error is reflected by the bill. See Smith v. State, 129 Tex.Cr.R. 273, 86 S.W.2d 750; Harris v. State, 106 Tex.Cr.R. 539, 293 S.W. 822; Gandy v. State, 137 Tex.Cr.R. 412, 129 S.W.2d 661."

The record before us does not show the character of the wounds exhibited, and therefore no error is presented by the bill.

Bill of exception No. 2 complains of the asking of a hypothetical question of officer Cravens. The bill does not show that the question was in fact answered and is therefore insufficient to present a question for review. Marshall v. State, 82 Tex. Cr.R. 623, 200 S.W. 836.

We feel that the officer was qualified by experience to answer the question propounded.

Finding no reversible error, the judgment of the trial court is affirmed.

**S. M. MILLER, Jr., v. STATE.**
No. 26190.

Court of Criminal Appeals of Texas.
Dec. 10, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

The conviction is for robbery; the punishment, life in the penitentiary by reason of a prior conviction for felony theft, a like offense.

Appellant, by proper affidavit, has advised this Court that he no longer desires to prosecute his appeal.

The appeal is dismissed on appellant's motion.

Opinion approved by the Court.